# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CYRUS P. STELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-00827 |
| | § | |
| ENGINEERING & FIRE | § | |
| INVESTIGATIONS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

Defendant Engineering & Fire Investigations, Inc. ("EFI") moves for full or partial summary judgment with respect to the claims of plaintiff Cyrus P. Stell ("Stell") brought under 29 U.S.C. §§ 201, *et seq.*, the Fair Labor Standards Act ("FLSA"), for unpaid overtime allegedly owed him for 1,165 hours. Dkt. 15, Dkt. 1. EFI asserts the professional exemption defense under FLSA § 13(a)(1), arguing that because plaintiff was employed in a "learned professional" capacity, he was exempt from the Act's overtime requirement. 29 C.F.R. § 541. The court disagrees. After a review of the applicable standard for summary judgment, the litigants' arguments addressing plaintiff's claims and the applicable law, defendant's motion for full or partial summary judgment on Stell's FLSA claims is DENIED. Dkt. 15.

## I. FACTUAL BACKGROUND

Plaintiff Stell holds a Bachelor of Science degree in mechanical engineering from Texas A&M University. Dkt 15, Ex. B, Attach. 5 at 1. He is a licensed engineer in Texas and Arizona, and has over twenty years of design- and operations-related engineering experience. *Id.* In July 2003, Stell became an EFI employee when he joined defendant as Senior Project Manager/Mechanical Engineer with a direct reporting line to the Branch Manager. Dkt 15, Ex. B,

Attach. 6 at 1, Attach. 26 at 3.  In June 2004, due to performance issues,  plaintiff was moved to the Property Condition Assessment group as an Assistant Project Manager.  Dkt. 5, at 2; Dkt 15, Ex. B, Attach. 17 at 1.  Along with his  re-allocation, Stell's base salary was reduced from its original  level of $68,000 to $58,000, and his reporting line was adjusted.  *Id.*   In February 2006, EFI terminated plaintiff's employment.  Dkt. 15, Ex. B, Attach. 22 at 1.

## II. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986).  The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  An issue is "material" if its resolution could affect the outcome of the action.  *Anderson*, 477 U.S. at 248; *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001), cert. denied, 122 S. Ct. 347 (2001).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. at 323.  Only when the movant has discharged this initial burden, does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact.  *Id.* at 322.  If the moving

party fails to meet this burden, then it is not entitled to a summary judgment and no defense to the motion is required. *Id.*

In responding to a properly supported summary judgment motion, the non-movant cannot merely rely on its pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11, 106 S. Ct. 1348 (1986); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). "[S]ummary judgment is appropriate where the only issue before the court is a pure question of law." *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

## III. ANALYSIS

"Under the FLSA, employers must pay overtime compensation for covered employees who work more than forty hours a week." 29 U.S.C. 207(a)(1), *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004). However, the FLSA's coverage is not without limits. *Id. (citing Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). Specific exemptions exclude certain classes of employees from protected status under the FLSA. *Id.* Such exemptions include—but are not limited to—certain professional, administrative, executive, and outside sales employees. 29 C.F.R. §§ 541.100-541.710. "An employer claiming an exemption bears the burden of proving its exempt status, and exemptions are to be narrowly construed against the employer." *Cleveland*, 388 F.3d at 526 (*citing Paul v. Petroleum Equipment Tools Co.*, 708 F.2d 168, 170 (5th Cir. 1983)). However, "[a] job title alone is insufficient to establish the exempt status of an employee." 29

3

C.F.R. § 541.200.    EFI alleges that plaintiff is exempted because he falls under the Act's

professional employee exemption. 29 C.F.R. § 541.300, Dkt. 17 at 2.

The FLSA Learned Professional Exemption

The FLSA provides a two-part test to evaluate if an employee is a professional as defined by

the Act in § 13(a)(1), the "salary" test and the "duties" test.  29 C.F.R. § 541.300.  An "employee

employed in a bona fide professional capacity" (1) must be compensated on a salary basis at a rate

of not less than $455 per week, and (2) his or her primary duty must entail the performance of work

requiring knowledge of an advanced type in a field of science or learning customarily acquired by

a prolonged course of specialized  intellectual instruction.  *Id.*  Primary duty is further defined as

requiring the following three elements (1) the employee must perform work requiring advanced

knowledge,[1] (2) the advanced knowledge must be in a field of science or learning,[2] and (3) the

advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual

instruction.[3] 29 C.F.R. § 541.301.

---

[1] "The phrase 'work requiring advanced knowledge' means work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work. An employee who performs work requiring advanced knowledge generally uses the advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances. Advanced knowledge cannot be attained at the high school level." 29 C.F.R. § 541.301(b).

[2] "The phrase 'field of science or learning' includes the traditional professions of law, medicine, theology, accounting, actuarial computation, ***engineering***, architecture, . . . and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades where in some instances the knowledge is of a fairly advanced type, but is not in a field of science or learning." 29 C.F.R. § 541.301(c)

[3] "The phrase ``customarily acquired by a prolonged course of specialized intellectual instruction'' restricts the exemption to professions where specialized academic training is a standard prerequisite for entrance into the profession. The best prima facie evidence that an employee meets this requirement is possession of the appropriate academic degree. However, the word 'customarily' means that the exemption is also available to employees in such professions who have substantially

4

The salary-prong of the learned employee test is undisputed, because plaintiff's salary certainly meets the salary level and salary basis requirements of § 541.300(a)(1).  Dkt. 15, Ex. B, Attach. 6, at 2.  However, plaintiff alleges that defendant does not satisfy its burden of proof requirement under the "duties" test.  Dkt. 16, at 2-3.  The court agrees.

Work requiring advanced knowledge

The first element of the professional "duties" test requires that the employeee's work utilize advanced knowledge or be predominantly intellectual in nature.  29 C.F.R. § 541.301(b).  Work that is predominately intellectual in character is further defined as utilizing and requiring " the consistent exercise of discretion and judgment."   *Id.*  The FLSA  distinguishes this "exercise of discretion" from the "performance of routine mental, manual, mechanical or physical work."  *Id.*  "An employee who performs work requiring advanced knowledge generally uses the advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances.  Advanced knowledge cannot be attained at the high school level."  *Id.*  However, a job label is never enough as "this test is not simply met by holding a bachelor's degree in a specialized field like engineering; the outcome depends upon whether the particular job **requires** the employee to apply that advanced knowledge." F.L.S.A. 2005-28, at 2 (Dep't of Labor Aug. 26, 2005) (emphasis added) *available at*

---

the same knowledge level and perform substantially the same work as the degreed employees, but who attained the advanced knowledge through a combination of work experience and intellectual instruction. Thus, for example, the learned professional exemption is available to the occasional lawyer who has not gone to law school, or the occasional chemist who is not the possessor of a degree in chemistry. However, the learned professional exemption is not available for occupations that customarily may be performed with only the general knowledge acquired by an academic degree in any field, with knowledge acquired through an apprenticeship, or with training in the performance of routine mental, manual, mechanical or physical processes. The learned professional exemption also does not apply to occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction." 29 C.F.R. § 541.30 (d).

http://www.dol.gov/esa/whd/opinion/flsa.htm.

According to plaintiff's own testimony he certainly utilized his previous work experience to provide recommendations on projects to his supervisors, make routine damage assessments, and to delineate the ultimate content of his final project reports. Dkt. 15, at 9-10.  However,  the critical question under this test ultimately  is to determine whether the position occupied by Stell *required* him to rely on his previous engineering experience, or whether that experience was—while certainly helpful—not a prerequisite for his job.  Moreover, the "learned professional exemption also does not apply to occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction."  29 C.F.R. § 541.301(d).

Defendants carry the burden of proving they are entitled to the FLSA learned professional exemption.   Here,  while  showing  that  plaintiff  certainly  used  his  previous  work  experience, defendant  did  not  conclusively  demonstrate  that  Stell's   work  as  essentially  a  property  assessor *required* the "advanced technical knowledge" a degree in engineering provides.  The resolution of this matter is a question of fact.  Because defendant has not met its burden under the summary judgment standards, defendant's motion for full summary judgment will be DENIED.[4]

Defendant's request for partial summary judgment

Defendant also requested a partial summary judgment with regard to plaintiff's liquidated damages claim.  The record before this court is simply not adequate at this time to determine if or whether defendant's conduct under the FLSA rises to "willful" or "reckless" disregard to meet the level of scienter required by Section of the FLSA.  Therefore the court declines  to grant defendant

---

[4] Because defendant does not meet its burden of proof as to the first element of the duties prong, the court will not discuss the second and third element.

summary judgment on plaintiff's liquidated damages claim.

### IV.  CONCLUSION

After reviewing the arguments of the parties, the summary judgment record, and the applicable law,  the defendant's motion for full or partial summary judgment on  plaintiff's FLSA claims is DENIED.

Signed at Houston, Texas on April 30, 2007.

_____
Gray H. Miller
United States District Judge

7